# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHNNY SPEIGHT and
TENISHA SPEIGHT,

        Plaintiffs,

v.

EQUITYEXPERTS.ORG,
LLC,

        Defendants.

Case No. 17-13663
Hon. Terrence G. Berg

## ORDER GRANTING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO RESPOND WITH EXPERT REBUTTAL REPORT

Plaintiffs disclosed their expert witness report to Defendant on December 14, 2018. Fed. R. Civ. P. 26(a)(2)(D)(ii) specifies that rebuttal expert evidence disclosures must be made within 30 days after the other party's expert evidence disclosure absent a court order stating otherwise.[1] On January 14, 2019, Defendant filed a request for an extension of time to respond to Plaintiffs' Expert Report with Defendant's own Rebuttal Report. Defendant cites her recent entry

---

[1] Plaintiff argues that the court's Scheduling Order, ECF No. 39, establishes a timeline for a rebuttal expert report by marking the close of discovery as December 17, 2018. The Scheduling Order does not contain a deadline for expert discovery, which is frequently conducted after the close of fact discovery. Plaintiffs apparently interpret the Court's earlier statement as allowing Defendant only three days to prepare a rebuttal expert report. This is not a reasonable period of time.

1

into the case and the holiday season as the reasons for the extension.

Plaintiffs oppose the motion based on the Court's order that "[i]f neither party files a discovery-related motion by December 17, 2018, the Court will consider all discovery disputes waived." ECF No. 39 PageID.324.

A motion for extension of a deadline for the production of an expert report is not the kind of "discovery-related motion" or "discovery dispute" to which the Court refers in ECF No. 39. While Defendant's motion seeks more time to complete discovery, it is not a "dispute," but rather a request to adjust scheduling. In addition, Defendant could not have waived this issue on December 17, 2018 as Plaintiffs claim because the deadline for Defendant to produce the rebuttal expert report was not until January 14, 2019.

Second, Plaintiffs argue that Defendant has not met the requirement to show good cause for an extension pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs' arguments in this section focus primarily on Defendant's alleged failure to conduct discovery up until this point. But these arguments miss the mark because Defendant is not seeking to conduct fact discovery—which is what closed on December 17—but rather to conduct expert discovery. Pursuant to Fed. R. Civ. P. 26, the clock for rebuttal expert discovery did not begin to run

until Plaintiffs served Defendant with their expert report on December 14, 2018. Plaintiffs' complaint that Defendant "did nothing" about compiling its rebuttal report between October 2018 and January 2019 is irrelevant because Defendant could not procure a rebuttal report until it received Plaintiffs' report on December 14, 2018.

Plaintiffs present a five-factor test that the Sixth Circuit uses to determine whether a court abuses its discretion by denying additional time for discovery. But this test is inapplicable because Defendant is asking the Court to *grant* an extension. In other words, the test presented does not tell the Court whether an extension should be granted, but rather whether denying an extension would abuse its discretion. Even if the test is satisfied in this case—meaning that denying Defendant's motion would *not* be an abuse of the Court's discretion—that does not mean the Court should deny it. A three-week extension is a reasonable request. The Court finds that Defendant has stated good cause for an extension of time.

Finally, Plaintiffs argue that Defendant's motion should be struck for failure to comply with the Court's practice guidelines requiring litigants to contact the court prior to filing any discovery motions. Again, this guideline applies to motions related to discovery *disputes*, not to motions to extend deadlines that happen to be discovery deadlines.

The Court has discretion to permit an extension of the rebuttal expert disclosure deadline pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii). The Court will extend Defendant's expert rebuttal report deadline to February 4, 2019, and the dispositive motion deadline a corresponding 21 days, to February 22, 2019. The Court encourages counsel to work with one another in the future to resolve such relatively inconsequential scheduling issues rather than to require the Court to intervene.

**SO ORDERED.**

Dated: February 4, 2019
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on February 4, 2019.

s/A. Chubb
Case Manager