# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHNNY SPEIGHT and
TENISHA SPEIGHT,

        Plaintiffs,

v.

EQUITYEXPERTS.ORG, LLC,

        Defendant.

Case No. 17-13663
Hon. Terrence G. Berg

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

Plaintiffs Johnny and Tenisha Speight allege that Defendant unlawfully attempted to collect a debt from them on behalf of Plaintiff's home-owners' association (HOA), Charter Oaks Village Association. Plaintiffs allege violation of the Fair Debt Collection Practices Act, breach of contract, violation of the Michigan Occupational Code, and fraud. The parties have completed fact discovery and are in the middle of expert discovery. Their dispositive motions are due on May 23, 2019.

On February 2, 2019, Defendant filed a motion to stay the case pending the appeal of another factually similar case: *Sparks v. EquityExperts.org*, No. 17-11330 (E.D. Mich.). Plaintiff opposes the motion based on the argument that *Sparks* is dissimilar to the

1

instant case and therefore that its resolution will not necessarily affect this case. Plaintiff also alleges that Defendant has acted in bad faith and for dilatory reasons. Having examined the complaints filed in *Sparks* and *Speight* and the appellant's brief filed in the Sixth Circuit Court of Appeals, and reviewed the relevant case law, the Court **GRANTS** Defendant's motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The Court notes at the outset that Defendant's Motion to Stay applies the wrong test for this type of request. Defendant cites the test from *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991). But this is the test for determining whether a district court should stay its *own* judgment pending appeal, pursuant to Fed. R. App. P. 8(a). Whether a district court should stay one case pending the appeal of a different, but similar, case is a different question, and the test for that kind of stay is set forth in *Landi, supra,* and subsequent Sixth Circuit case law defining the district court's inherent power to manage its docket in circumstances such as the one currently before the

Court: "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. In addition, this type of stay must have reasonable limitations. *Id.* (citing *Landis*, 299 U.S. at 257).

Appellant's brief to the Sixth Circuit Court of Appeals in *Sparks* contains arguments that are very similar to some—though not all— of Plaintiff's arguments in the instant case. The most important similarity between the cases is that the *Sparks* plaintiffs seek to have the Sixth Circuit determine whether EquityExperts has complied with 15 U.S.C. §§ 1692e and 1692f by collecting EquityExperts' own fees directly from homeowners pursuant to the HOA bylaws. *See* Appellant's Brief, *Sparks v. EquityExperts.org*, No. 18-2378, ECF No. 27 Page 38 (6th Cir. Feb. 27, 2019). In the instant case, Plaintiffs also bring claims under these statutory sections, and do so on the basis of almost identical facts. *See* Complaint, ECF No. 1 PageID.6 ¶ 23, PageID.12 ¶¶ 55, 56. Similar cases in the Eastern District of Michigan have already been stayed. *See, e.g., Moore v. EquityExperts.org*, No. 17-10338, ECF No. 41; *Wood v. EquityExperts.org*, No. 16-13276, ECF No. 35.

While Plaintiffs in this case do raise some issues distinct from those raised in the *Sparks*, a resolution of that case would greatly narrow the issues in this case. The precedent would be helpful to

3

the Court in resolving the parties' dispositive motions if those motions are filed. In addition, briefing on *Sparks* will be complete by May 16, 2019. Briefing Schedule, *Sparks*, ECF No. 26 Page 2. A stay pending appeal would therefore not result in great delay of this case.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay. Defendant is **ORDERED to file a notice with this Court within 45 days** of the Sixth Circuit's Decision in *Sparks v. EquityExperts.Org*, No. 17-11330.

**SO ORDERED.**

Dated: April 4, 2019  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE